# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-695-MOC

| | |
|---|---|
| LISA MAXINE DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees under Section 406(b) of the Social Security Act. (Doc. No. 14).

Plaintiff's counsel filed a motion for approval of attorney's fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), in the total amount of $28,425.00. Attorney's fees under section 406(b) are paid from past-due benefits awarded to a successful claimant. 42 U.S.C. § 406(b). Plaintiff has previously been awarded $5,188.04 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant has responded to Plaintiff's motion and indicates no objection to the amount requested by Plaintiff.

This Court must decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law. See Gisbrecht v. Barnhart, 535 U.S. 789, 809 (2002). In making a reasonableness determination, the Court should consider whether reasons exist for reducing the amount of the fee. See Gisbrecht, 535 U.S. at 808–09. If enforcement of a contingent-fee agreement would, considering time and effort expended by the lawyer, amount to a windfall in counsel's favor and against Plaintiff's interest, then the Court may reduce the fee.

Here, Plaintiff's counsel requests a fee of $28,425.00 for work done on this matter. (Doc. No. 14). Counsel has previously provided an accounting of time expended, showing 26 hours of attorney time on this case. (Doc. No. 12). Awarding the full amount requested by Plaintiff's counsel would result in reimbursement for attorney time at a rate of $1,093.27 per hour ($28,425.00/26 hours). Although this hourly rate appears to be high, the Court notes that Plaintiff's counsel's law firm is located in New York City, where attorneys can demand much higher rates than in North Carolina. In any event, reliance on the hourly rate is not the sole or primary reason for determining fees in contingency fee cases such as this one. Rather, the Court must also consider a number of other factors, none of which alone is determinative. See Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005). These factors include, but are not limited to, the overall complexity of the case, the lawyering skills necessary to handle it effectively, the character of the representation and the results achieved, whether counsel's delay caused past-due benefits to accumulate during the pendency of the court case, and whether past-due benefits are large in comparison to the amount of time counsel spent on the case. Id. at 428.

Here, the Court has considered these factors and determines that the amount requested is reasonable. Finally, the Court notes that at least one other decision from this district has held that similar de facto hourly rates are not a windfall to counsel. See e.g., Jones v. Astrue, No. 1:09cv61, 2012 WL 2568083 (W.D.N.C. June 29, 2012) (awarding $37,634.75 as reasonable attorney's fees under 42 U.S.C. § 406(b) for 35.5 hours of time expended by counsel before the Court, resulting in effective hourly rate of $1,060.13). In sum, the Court finds that the amount requested by counsel is reasonable.

Plaintiff's Motion for Attorney Fees under Section 406(b) of the Social Security Act, (Doc. No. 14), is **GRANTED**. Plaintiff's counsel shall be awarded fees under 42 U.S.C. § 406(b) in the

amount of $28,425.00, and Plaintiff's counsel shall reimburse Plaintiff the $5,188.04 in fees previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Signed: October 18, 2019

Max O. Cogburn Jr
United States District Judge